```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JESSICA TOMCZYK,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       17-CV-3630(JS)(AYS)

KIETH TOMCZYK,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:     No appearance.

For Defendant:     Kieth Tomczyk, pro se
                   21 Soloff Road
                   Massapequa, NY 11758
```

SEYBERT, District Judge:

In or about 2013, Jessica Tomczyk ("Plaintiff") commenced this contested matrimonial action against Kieth Tomczyk ("Defendant") in the Supreme Court of New York, County of Suffolk Integrated Domestic Violence (IDV) Part 15 ("State Court").[1] On June 16, 2017, Defendant, acting pro se, filed a Notice of Removal removing the action to this Court pursuant to, inter alia, 28 U.S.C. § 1441 on the basis that this Court has original jurisdiction because Constitutional questions are involved. (See Notice of Removal, Docket Entry 1, at ¶¶ 1-2.) Defendant paid this Court's filing fee at the time he filed the Notice of Removal. Notwithstanding Defendant's payment of the filing fee, this action

---

[1] Although Defendant has not filed a copy of the State Court complaint with his Notice of Removal, it appears from his submissions that Plaintiff is pursuing a contested divorce action together with a child support enforcement action against Defendant in State Court under Index No. 33914/13.

is REMANDED to the State Court pursuant to 28 U.S.C. § 1447(c) for the reasons that follow.[2]

Pursuant to 28 U.S.C. § 1441(a), ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  In addition, 28 U.S.C. § 1446(a) sets forth the procedure for removal to be followed:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure containing a short and plain statement of the grounds for removal, <u>together with a copy of all process, pleadings, and orders served upon such defendant</u> or defendants in such action.

28 U.S.C. § 1446(a) (emphasis added).  Subsection (b) makes clear that

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . or within 30 days after the service of the summons upon the defendant if such initial pleasing has then been filed in court and is not required to be served on the defendant, whichever is shorter.

28 U.S.C. § 1446(b).  "[S]tatutory procedures for removal are to be

---

[2] On June 27, 2017 the Supreme Court filed a letter motion requesting that the Court schedule a pre-motion conference in anticipation of filing a motion to remand this action to the state court.  (<u>See</u> Docket Entry 4.)  Given that the action is hereby remanded, the letter motion request is DENIED as MOOT.

2

strictly construed, . . . because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." Frontier Park Co., LLC v. Contreras, 35 F Supp. 3d 264, 267 (E.D.N.Y. 2014) (internal quotation marks and citations omitted); accord In re Facebook, Inc., IPO Sec. & Derivative Litig., 922 F. Supp. 2d 475, 480 (S.D.N.Y. 2013). "[T]he burden is on the removing party to prove that is has met the requirements for removal." Ulysse v. AAR Aircraft Component Servs., 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (internal quotation marks and citation omitted).

Defendant seeks to remove the State Court action to this Court approximately four (4) years after it was filed in State Court. Although Defendant does not indicate when he received the initial State Court pleading or when he was served with the summons, a review of the docket of the State Court action maintained by the New York State Office of Court Administration reflects that Defendant appeared through counsel in the State Court action at least as of March 20, 2014. (See http://iapps.courts. state.ny.us/webcivil (last visited on June 19, 2017).) Thus, Defendant cannot show that his Notice of Removal was timely filed in accordance with the thirty (30) day time period set forth in Section 1446(b).

Moreover, although Defendant has filed a fifteen (15) page Notice of Removal, with an additional eight-four (84) pages of

exhibits and a twenty (20) page Memorandum in Support, (see Docket Entries 1, 1-2, 1-3, 1-4, and 1-5), he has failed to attach a copy of "all process, pleadings, and orders" served upon him in the State Court as is required by Section 1446(a). Accordingly, this action is REMANDED to the State Court pursuant to 28 U.S.C. § 1447(c). See, e.g., Allfour v. Bono, 11-CV-1619, 2011 WL 2470742, at * 1 (E.D.N.Y. May 5, 2011), report and recommendation adopted by 2011 WL 2470734 (E.D.N.Y. June 22, 2011) (holding that in this circuit, a procedural defect, by itself, would authorize a sua sponte remand within thirty (30) days after the filing of the notice of removal); Cassara v. Ralston, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (holding that 28 U.S.C. § 1447(c) authorizes a district court to sua sponte remand actions to state court for defects in removal procedure within thirty (30) days after the filing of the notice of removal). In any event, under the domestic relations exception to this Courts subject matter jurisdiction, "divorce, alimony, and child custody decrees remain outside federal jurisdictional bounds." Marshall v. Marshall, 547 U.S. 293, 308, 126 S. Ct. 1735, 1746, 164 L. Ed. 2d 480, 495 (2006) (internal quotation marks and citation omitted). Thus, notwithstanding the procedural defects with Defendant's removal of the State Court action, jurisdiction over the Complaint is likely barred by the domestic relations exception to the jurisdiction of the federal courts.

The Clerk of the Court shall: (1) mail a certified copy of this Order to the clerk of the Supreme Court of the State of New York, County of Suffolk-Integrated Domestic Violence (IDV) Part 15, pursuant to 28 U.S.C. § 1447(c); and, (2) pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve Notice of Entry of this Order upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

## CONCLUSION

For the reasons set forth above, the Complaint is REMANDED to the State Court pursuant to 28 U.S.C. § 1447(c). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Defendant seek leave to appeal <u>in forma pauperis</u>, such status is DENIED for the purpose of any appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June   29  , 2017
       Central Islip, New York

5